IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KARL ERWIN KING, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 120-129 |
| RONALD BRAWNER, Warden, | ) | |
| Respondent.[1] | ) | |

**O R D E R**

The habeas corpus petition *sub judice* is signed by Timothy C. West, not Petitioner Karl King.  (See doc. no. 1.)  Rule 2(c)(5) of the Rules Governing Section 2254 Cases provides the petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."  The Federal Rules of Civil Procedure, as well as this Court's Local Rules, also require all filings be signed by an attorney of record or by a party personally if the party is not represented by an attorney.  Fed. R. Civ. P. 11(a); Loc. R. 11.1.  Under Rule 12 of the Rules Governing Section 2254 cases, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or theses rules, may be applied to a proceeding under these rules."

As Petitioner is proceeding *pro se* in this matter, he must sign the petition submitted

---

[1] Ronald Brawner is the warden of Baldwin State Prison, where Petitioner is incarcerated.  See www.dcor.state.ga.us (follow "About GDC," "Divisions," and "Facilities" hyperlinks; then search "Baldwin State Prison").  Because the proper Respondent is the state officer who has custody of Petitioner, the Court **DIRECTS** the Clerk to update the docket to reflect Ronald Brawner as Respondent.  See Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section

for filing unless Mr. West can establish "next friend" standing. However, "next friend" standing is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." See Harris v. Buckhorn, 545 F. App'x 862, 863 (11th Cir. 2013) (citing Whitmore v. Arkansas, 495 U.S. 149, 163 (1990)). The requirements for "next friend" standing as articulated by the Supreme Court are:

> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the party in interest.

Whitmore, 495 U.S. at 163-64 (citations omitted). The "next friend" bears the burden to clearly "establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

The petition alleges Petitioner cannot sign because of visitation restraints due to Covid-19, and it further alleges Mr. West is qualified to sign the petition because Petitioner is a veteran of the U.S. Army and Mr. West is a Veterans Representative to the Local National Association for the Advancement of Colored People (#5019) Legal Defend fund in Thomson, Georgia. (Doc. no. 1, p. 21.) These allegations fail to satisfy the stringent "next friend" standard in Whitmore. Furthermore, the petition fails to explain why COVID-19 visitation restrictions preclude Petitioner from signing the petition and mailing it to the Court.

Accordingly, if Petitioner intends to pursue this case, he must submit a petition signed

---

2254 Cases in the United States District Courts.  2

by him personally **within fourteen (14) days** of the date of this Order.  The **CLERK** of **COURT** is **DIRECTED** to enclose a copy of Petitioner's petition, stamped with this case number, with the service copy of this Order.

    SO ORDERED this 17th day of September, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA