IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

KARL ERWIN KING,              )
                                    )
          Petitioner,        )
                                      )
     v.                       )        CV 120-129
                                      )
RONALD BRAWNER, Warden,   )
                                      )
          Respondent.      )

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Baldwin State Prison in Hardwick, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

## I.    BACKGROUND

Petitioner commenced this action on September 9, 2020, by filing his petition and submitting the filing fee.  (Doc. no. 1-1.)  On September 17, 2020, the Court ordered Petitioner to personally sign the petition within fourteen days because Timothy C. West signed the petition on behalf of Petitioner and did not establish "next friend" standing.  (Doc. no. 2.)  Petitioner did not respond and has not communicated with the Court since the filing of his petition.

## II.    DISCUSSION

Before a federal court can consider the merits of a legal claim, the person bringing

suit must establish the Court's jurisdiction.  Local Rule 11.1 and Federal Rule of Civil Procedure 11 require every pleading, motion, or other paper presented for filing be signed by an attorney of record, or by a party personally if the party is proceeding *pro se*.  Further, "[an] [a]application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief is intended or by someone acting in his behalf."  See 28 U.S.C. § 2242.  The rules and the statutory requirement of signing ensure the real party in interest desires the case brought before the court for the purpose of establishing jurisdiction.  See Scarrella v. Midwest Savings and Loan, 536 F.2d 1207 (8 Cir. 1976), Cert. denied, 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976); McKinney v. DeBord, 507 F.2d 501 (9 Cir. 1974).

Federal law provides for actions by a "next friend" or guardian *ad litem* for an incompetent party who lacks a duly appointed representative.  See Id.; See also Fed. R. Civ. P. 17(c)(2).  However, "next friend" standing is "by no means granted automatically to whomever seeks to pursue an action on behalf of another."  See Harris v. Buckhorn, 545 F. App'x 862, 863 (11th Cir. 2013) (citing Whitmore v. Arkansas, 495 U.S. 149, 163 (1990)). "Next friend" standing requires an "explanation such as inaccessibility, mental incompetence, or other disability for why the real party cannot appear on his own behalf to prosecute the action."  Whitmore, 495 U.S. at 164.  Further, the next friend must be dedicated to the best interests of, and have some significant relationship with, the person on whose behalf he seeks to litigate.  Id.

Here, the petition does not explain why COVID-19 restrictions render Petitioner unable to sign his own petition, does not allege Petitioner is disabled, and does not establish a significant relationship between Petitioner and Mr. West.  See Coleman v. Unnamed Respondent, CV 416-339, 2017 WL 619013 at *1 (S.D. Ga. Feb. 15, 2017) (finding "next

friend" status not established on behalf of petitioner); see also Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978)[1] (dismissing § 2254 petition because application "does not set forth an adequate reason or explanation of the necessity for the resort to the 'next friend' device, the court is without jurisdiction to consider the petition."). In the absence of any basis for "next friend" standing, the Court has no jurisdiction and this federal habeas corpus petition should be dismissed without prejudice.

Notably, the petition also does not address the issue of exhaustion for which this Court previously dismissed Petitioner's June 2019 petition. (See King v. Bobbitt, CV 119-083 (S.D. Ga. July 26, 2019) (dismissing petition for writ of habeas corpus for failure to exhaust state remedies including state habeas corpus).

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**. The Court **DIRECTS** the **CLERK** to send a copy of this Report and Recommendation and accompanying Objection Order to Petitioner and Mr. West.

SO REPORTED and RECOMMENDED this 19th day of October, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3