IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KARL ERWIN KING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 120-129 |
| | ) |
| RONALD BRAWNER, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Baldwin State Prison in Hardwick, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.   BACKGROUND**

Petitioner commenced this action on September 9, 2020, by filing his petition and submitting the filing fee. (Doc. no. 1.) On September 17, 2020, the Court ordered Petitioner to personally sign the petition within fourteen days because Timothy C. West signed the petition on behalf of Petitioner and did not establish "next friend" standing. (Doc. no. 2.) On November 3, 2020, Petitioner filed a new, signed § 2254 petition. (Doc. no. 7)

II.      **DISCUSSION**

    A.      **The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies**

The procedural history of Petitioner's underlying case is not entirely clear but the Court can discern the following. Petitioner states he pleaded guilty to rape and incest in the Superior Court of Columbia County, Georgia, on November 11, 2015, and was sentenced to a twenty-year term of imprisonment and ten years of probation. (Doc. no. 7, pp. 1-3.) Further, Petitioner asserts he filed a motion to withdraw his guilty plea, or in the alternative, to file an appeal on December 23, 2015. (Id. at 2-3.) Petitioner has not been able to file a direct appeal. (Id. at 6, 15-16.) Petitioner filed a previous § 2254 in this Court on June 3, 2019, which was dismissed without prejudice for an incomplete motion to proceed *in forma pauperis* ("IFP") and failure to exhaust. (Id. at 3, 14.)

Petitioner claims ineffective assistance of trial counsel in his federal petition, asserting he was not properly informed of either the consequences of his guilty plea or his appeal rights, and he was threatened by counsel with a harsher sentence if he did not plead guilty. (See generally Id.) Further, Petitioner asserts that trial counsel failed to make the court aware of Petitioner's prior and then existing mental conditions. (Id. at 8.) In light of this alleged ineffective assistance, Petitioner asserts his guilty plea was not knowingly and voluntarily entered, and the trial court failed to allow Petitioner to withdraw the plea. (Id. at 8, 16.) Petitioner has not filed a state habeas corpus petition. (Id. at 3.)

        1.      **The Exhaustion Requirement**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of

habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek

collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### 2. Petitioner Failed to Exhaust State Remedies

Petitioner does not allege that he has exhausted his state court remedies.  (See generally doc. no. 7.)  He states he has been unable to file a direct appeal, and he has not filed a state habeas corpus petition.  (See id.)  However, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning an involuntary guilty plea and ineffective assistance of counsel.  See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); Davis v. State, 561 S.E.2d 119, 119-20 (Ga. 2002); Goodwin v. Knighten, 387 S.E.2d 887, 887 (Ga. 1990); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Indeed, Petitioner is aware of the option to petition for habeas corpus relief.  (See King v. Bobbitt, CV 119-083 (S.D. Ga. July 16, 2019) (dismissing petition for writ of habeas corpus for failure to exhaust state remedies including state habeas corpus).  However, Petitioner improperly attempted to circumvent the state habeas courts in favor of moving directly to the federal courts.  As explained herein, that leapfrog attempt is improper.  Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of November, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA